22 A.3d 983 (2011)
421 N.J. Super. 121
STATE of New Jersey, Plaintiff-Respondent,
v.
Karen WEIL, Defendant-Appellant.
Docket No. A-5999-09T4
Superior Court of New Jersey, Appellate Division.
Argued June 2, 2011.
Decided July 5, 2011.
*984 Glenn W. Banks argued the cause for appellant (Banks & Zisgen, LLC, attorneys; Mr. Banks, on the briefs).
Steven E. Braun, Chief Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Mr. Braun, of counsel and on the brief).
Before Judges AXELRAD, R.B. COLEMAN, and J.N. HARRIS.[1]
The opinion of the court was delivered by
AXELRAD, P.J.A.D.
In this appeal, defendant urges us to revisit State v. Bringhurst, 401 N.J.Super. 421, 951 A.2d 238 (2008), and hold, in essence, that a defendant who files a Laurick[2] post-conviction relief (PCR) petition to obtain relief from enhanced penalties for driving while intoxicated (DWI) based on a purported uncounseled prior DWI conviction is absolved from establishing a prima facie case for relief where her time delay has resulted in destruction of most of the records pertaining to the prior conviction. We decline to do so and affirm defendant's conviction.

I.
The record before us is scant. On October 25, 1994, defendant pled guilty to DWI, N.J.S.A. 39:4-50, in Wayne Township (Wayne) Municipal Court, for an incident occurring on September 24, 1994. She subsequently committed and pled guilty to another DWI offense, though the record does not reveal the particulars or date.
On March 4, 2010, defendant appeared with counsel, Michael F. Kelly, in the Borough of Oakland (Oakland) Municipal Court, and entered a guilty plea to a third DWI occurring on October 6, 2009. The municipal court judge sentenced defendant as a third offender pursuant to N.J.S.A. 39:4-50(a)(3), but stayed the mandatory six-month custodial sentence pending a Laurick application in the Wayne Municipal Court, seeking a "step-down" in sentencing on the grounds her first conviction in 1994 was uncounseled. See R. *985 7:10-2(g); Laurick, supra, 120 N.J. 1, 575 A.2d 1340.
Defendant promptly filed a motion for PCR relief. Other than listing the date of the offense and date of the guilty plea reflected on her certified driving abstract, defendant's certification contained only the following statements regarding the incident and municipal court appearance:
I do not recall being represented by the Municipal court public defender and was not represented by private counsel.
I do not recall being made aware of my constitutional right to a trial or giving a factual basis.
Kelly certified that he requested a transcript of the October 25, 1994 Wayne Municipal Court proceeding but the tape recording was unavailable "due to the age of the summons." Similarly, the police reports were no longer available.[3] He further stated, in pertinent part:
The Municipal staff provided the rear of the summons indicating a $50. Public defender fee[[4]] and a 5A form [public defender application] completed by [defendant] on October 25, 1994, the day of the plea.
The 5A form completed by [defendant] indicates a bank account containing $10,000.00.
[Defendant] does not recall being represented by the public defender nor was she represented by private counsel.
It is the defense's position that since she had a bank account with $10,000.00 in it, she certainly would not have qualified for a public defender.
The appended copy of the summons reflects the date, location and name of the officer. On the back, the judge noted a guilty plea and finding of guilt, enumerated the components of the sentence, and signed and dated it October 25, 1994. Unfortunately, however, the pre-printed section at the top portion of the form, containing spaces for the judge to record that a Rodriguez[5] notice was given and counsel was waived or assigned, was left entirely blank. See Laurick, supra, 120 N.J. at 12, 575 A.2d 1340; Bringhurst, supra, 401 N.J.Super. at 425, 951 A.2d 238; R. 7:3-2(a). At the bottom portion appears a partially legible stamp stating "PUBLIC DEFENDER," with an indecipherable imprint below clearly impressed with and as part of the stamp and bearing at least one word that cannot be discerned. Immediately below the stamp is the handwritten number "50."
The 5A form completed by defendant reflects income from employment of $400 monthly and from court-ordered support or alimony of $800 monthly, and a monthly mortgage obligation of $1000. She also disclosed the bank account referenced in Kelly's certification. On the right top portion of the form, in handwriting different *986 from defendant's, is the notation "Approved Y N."
The judge who heard the Laurick application in Wayne was not the judge who accepted defendant's 1994 DWI plea. He noted, "the guidelines for a public defender in ... New Jersey are primarily income-based[,]" the court has the discretion to grant or deny an application for such appointment, and it "is not barred ... from granting an application just because there happens to be money in the bank." Based on the paperwork, particularly including the notation of the $50 assessment for the public defender, the judge concluded defendant was advised of her right to counsel, was assigned counsel, and was represented when she entered the guilty plea. He commented that all occurred on the same date might be relevant to an ineffective assistance of counsel application but not to a Laurick inquiry of whether the plea was counseled. The judge further noted the application was filed sixteen years after the conviction, well past the record retention period, and concluded defendant had not met the various burdens for PCR relief. Accordingly, the municipal court denied the motion, which defendant appealed.
On de novo review, the Law Division also denied defendant's motion. The judge found the stamped notation "PUBLIC DEFENDER" on the back of the summons to be persuasive evidence that counsel was assigned and did, in fact, represent defendant when she pled guilty to her first DWI on October 25, 1994. He additionally found defendant presented nothing to rebut the presumption. Accordingly, by order of June 28, 2010, the Law Division denied defendant's PCR motion and continued the stay of the custodial aspect of defendant's sentence pending appeal. This appeal ensued.[6]

II.

A.
On appeal, defendant challenges, as legal error, the finding that payment of the municipal court public defender application fee proved counsel was assigned to represent her at the 1994 proceeding. She further contends the absence of any Rodriguez notations on the reverse side of the summons leads to the reasonable, fair, and supportable conclusion she was neither advised of her right to counsel nor of the consequences attendant upon an informed waiver of such right. Thus, defendant argues her Wayne DWI conviction may not be used by the Oakland Municipal Court to enhance her custodial exposure for conviction of the third DWI offense. Defendant further submits her PCR application was not time-barred under Rule 7:10-2 and the Law Division erred in "affirming" the decision of the municipal court rather than making independent findings of fact and conclusions of law pursuant to Rule 3:23. At oral argument, defendant urged that an uncounseled plea, combined with the unavailability of records, would result in a "fundamental injustice," in and of itself entitling her to Laurick relief. See supra, 120 N.J. at 16, 575 A.2d 1340.
According to the State, the totality of the competent evidence undermines defendant's claim of being uncounseled during the 1994 guilty plea. Accordingly, that conviction can be considered for purposes of an enhanced sentence on her third conviction under the case law. The State points to the 5A form completed by defendant, with the notation that it was "Approved." *987 It also notes the "PUBLIC DEFENDER" stamp on the reverse side of the summons and "50" notation underneath, which is the amount of the application fee for a municipal public defender paid by "such person [ ] entitled by law to the appointment of counsel" pursuant to the Wayne ordinance. The State argues, consistent with the comments by the municipal court judge during argument on the PCR petition, that it was not an uncommon practice for a person to have qualified and been represented by a municipal public defender the same day. In comparison, all defendant presented was a vague certification of "not recall[ing]" being represented by the municipal public defender, being made aware of her right to a trial, or giving a factual basis.[7] The State also argues the application is untimely and urges it would be severely prejudiced if defendant received the benefit of the sixteen-year delay in filing her PCR petition and the ensuing destruction of the sound recording and records and was automatically entitled to the step-down under these circumstances.

B.
In Laurick, our Supreme Court held that "an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty. In the context of repeat DWI offenses," enhanced administrative penalties and fines may be imposed but the maximum jail sentence that can be imposed on a third-time offender with one prior uncounseled conviction is the maximum jail sentence that can be imposed on a second-time offender.[8]Supra, 120 N.J. at 16, 575 A.2d 1340. See also State v. Hrycak, 184 N.J. 351, 354, 877 A.2d 1209 (2005) (reaffirming the holding in Laurick). This is typically referred to as a "step-down" sentence. See State v. Schadewald, 400 N.J.Super. 350, 353, 947 A.2d 657 (App.Div.2007). To aid the courts in deciding Laurick applications, the Court suggested that, prospectively, the municipal court make a notation on the hard-copy judgment of conviction that the defendant was advised of his or her right to counsel and counsel was waived. Supra, 120 N.J. at 12, 575 A.2d 1340. This notation has "presumptive correctness." Ibid. The requirement of this recordation on the complaint was later codified in Rule 7:3-2(a).
The municipal court PCR rule, R. 7:10-2, was adopted in 1997, effective 1998. In 2007, Rule 7:10-2(g) was added "to specifically address Laurick-styled PCR petitions." Bringhurst, supra, 401 N.J.Super. at 430, 951 A.2d 238. Pursuant to the Rule, the petitions were required to be filed in the court where the prior conviction was entered, no more than five years after entry of the judgment or sentence sought to be attacked, unless the petition alleged "facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(g)(1),(2); R. 3:22-12.[9]
In Bringhurst, we recognized the unique nature of a Laurick PCR petition for step-down relief in that a prior uncounseled DWI conviction would "be of no moment *988 unless and until there was a subsequent DWI conviction." Supra, 401 N.J.Super. at 432-33, 951 A.2d 238. Accordingly, we held that Rule 7:10-2(g)(2)'s filing deadline should not be mechanically applied and "a defendant's burden to justify relaxation of [the] five-year time limit, at least with respect to the reason for the delay, should be significantly less than proof of the `exceptional circumstances' normally required." Id. at 433, 951 A.2d 238 (quoting State v. Afanador, 151 N.J. 41, 52, 697 A.2d 529 (1997)). Accordingly, to be entitled to relaxation of the time bar, a defendant must "establish that any delay in filing his claim was not the result of neglect or some other disqualifying reason." Id. at 437, 951 A.2d 238. The court should also consider "`the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits.'" State v. McQuaid, 147 N.J. 464, 485, 688 A.2d 584 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580, 601 A.2d 198 (1992)).
In Bringhurst, we further required a defendant to "allege facts in the petition sufficient to establish a prima facie case for relief under the standards enunciated in Laurick before relaxation [of Rule 7:10-2(g)(2)] is appropriate." Supra, 401 N.J.Super. at 437, 951 A.2d 238. The Supreme Court has articulated the elements necessary to establish entitlement to the step-down sentence for a second or subsequent DWI as follows:
A defendant is faced with a three-step undertaking in proving that a prior uncounseled DWI conviction should not serve to enhance the jail component of a sentence imposed on a subsequent DWI conviction. As a threshold matter, the defendant has the burden of proving in a second or subsequent DWI proceeding that he or she did not receive notice of the right to counsel in the prior case. He or she must then meet the two-tiered Laurick burden.
[Hrycak, supra, 184 N.J. at 363, 877 A.2d 1209 (citing Laurick, supra, 120 N.J. at 11, 575 A.2d 1340).]
In Laurick, the Court emphasized that a defendant seeking the benefit of PCR step-down relief from an uncounseled prior DWI conviction bears a significant burden, holding the mere absence of a Rodriguez notice to the accused of a right to be represented by counsel does not alone rise to the level of a "fundamental injustice" entitling a defendant to such relief. Supra, 120 N.J. at 16-17, 575 A.2d 1340. Rather, a defendant must demonstrate he or she was "prejudiced" by (1) being "unaware of such rights" and (2) "if indigent, would have derived benefit from the notice by seeking the assistance of counsel. A non-indigent defendant would have to show in addition that the lack of notice otherwise affected the outcome." Id. at 17, 575 A.2d 1340.
In Hrycak, the Court re-articulated the two-tiered Laurick burden as:
In that vein, if defendant proves that notice of the right to counsel was not provided, the inquiry is then bifurcated into whether the defendant was indigent or not indigent. "[I]f [the] defendant [was] indigent, [the defendant must prove that] the DWI conviction was a product of an absence of notice of the right to assignment of counsel and non-assignment of such counsel without waiver." On the other hand, if the defendant was not indigent at the time of the prior uncounseled conviction,
[the] defendant should have the right to establish such lack of notice as well as the absence of knowledge of the right to be represented by counsel of one's choosing and to prove that the absence of such counsel had an impact *989 on the guilt or innocence of the accused or otherwise wrought a miscarriage of justice for the individual defendant.
[Supra, 184 N.J. at 363, 877 A.2d 1209 (quoting Laurick, supra, 120 N.J. at 11, 575 A.2d 1340 (alteration in original) (internal citation omitted)).]

C.
We recognize the 1994 summons in the present case did not comply with the suggested procedure in Laurick in that there was no notation by the municipal court the Rodriguez notice was given and counsel was waived or assigned. Though not entitled to the presumptive effect that such notation would have been given, see Laurick, supra, 120 N.J. at 12, 575 A.2d 1340, the "PUBLIC DEFENDER" stamp and "[$]50" notation on the back of the summons, coupled with defendant's completed 5A form are still evidence of notice and the assignment of counsel.[10] We agree with the State that defendant's certification is less than definitive as to her claim of being "uncounseled" at the time of the plea. She does not deny she completed the 5A form or claim the handwriting on the form is not hers. Presumably, then, she was informed of her right to counsel. Nor does defendant certify that she was not represented by the municipal public defender when she entered her guilty plea to the first DWI in 1994 or not afforded the opportunity for such representation after she completed the 5A form.
Even if we accept arguendo that defendant's petition in this case at least raised a disputed fact as to whether she was represented by counsel when she pled guilty to the first DWI, she must still establish a prima facie case for relief under Laurick. Here, defendant failed to articulate a single fact to demonstrate she could sustain her burden of proof and obtain PCR relief from an enhanced custodial term based on a prior uncounseled conviction.
A defendant must establish, by a preponderance of the credible evidence, entitlement to the relief requested on PCR. McQuaid, supra, 147 N.J. at 483, 688 A.2d 584. To sustain the burden of demonstrating that an injustice has occurred, a defendant must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision. A court reviewing a petition that does not allege facts sufficient to sustain that burden of proof should not jump to its own conclusions regarding the factual circumstances of the case." Mitchell, supra, 126 N.J. at 579, 601 A.2d 198.
In this case, defendant has not raised "excusable neglect" as a basis for relief from the Rule's five-year bar, even though her PCR petition was filed sixteen years after her first DWI conviction, well beyond the time that records are required to be retained. See R. 7:8-8(a) (requiring sound recordings and stenographic records of municipal court proceedings to be retained for only five years); N.J.A.C. 15:3-2.1 (setting standards for retention and destruction of public records); Div. of Archives & Records Mgmt., Municipal Police Departments, Records Retention & Disposition Schedule, 7 (5/15/2003), http://www.state. nj.us/state/darm/links/pdf/m900000005. pdf (Drunk Driving Record Copy6 years); Div. of Archives & Records Mgmt., Municipal Prosecutor's Office, Records Retention & Disposition Schedule (3/18/1999), http://www.state.nj.us/state/ darm/links/pdf/m170000.pdf (Municipal Prosecutor's Case File, including Drinking *990 Driving Report, Alcohol Influence Report, discovery documents, and court complaints, pleadings and decision15 years).
Defendant provided no explanation for her delay, no particulars as to her second DWI conviction, and no driving abstract so we are unable to assess whether she sat on her rights. See Mitchell, supra, 126 N.J. at 575, 601 A.2d 198 (recognizing the difficulty inherent in evaluating PCR petitions "years after the fact" because inevitably "memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable").
Moreover, defendant never even made the requisite threshold certification under Laurick and Hrycak, i.e., that she did not receive notice of the right to counsel in the 1994 case and was unaware she had the right. Laurick, supra, 120 N.J. at 16-17, 575 A.2d 1340; see also Hrycak, supra, 184 N.J. at 363, 877 A.2d 1209. Moreover, her certification is silent as to indigency status at that time and she does not dispute she completed the 5A form or that she paid a $50 application fee. If we were to assume defendant was indigent, under Laurick and as reaffirmed in Hrycak, to demonstrate fundamental injustice, defendant also would have had to make some showing "that the absence of the notice resulted in the unavailability of counsel," i.e., she would have availed herself of appointed counsel. Laurick, supra, 120 N.J. at 13, 17, 575 A.2d 1340. If, as her attorney argued on PCR, defendant was not indigent at the time of the 1994 conviction because of her substantial bank account, defendant would have had to make some showing "that the absence of notice had a real probability of having played a role in the determination of guilt." Laurick, supra, 120 N.J. at 13, 575 A.2d 1340 (citation and internal quotation marks omitted). As we noted in Schadewald, "police reports, witness statements, insurance investigations and the like may be used to submit proofs that the outcome would have been different if the defendant had the benefit of counsel before pleading guilty." Supra, 400 N.J.Super. at 354-55, 947 A.2d 657. Such evidence is likely in the possession of a defendant and thus it is reasonable to require recitation of supporting facts and production of these types of documents, particularly by a defendant who is seeking relief from Rule 7:10-2(g)(2)'s time constraints, where transcripts or sound recordings are unavailable.
In assessing defendant's PCR petition, we balance the competing interests of the State in achieving "finality to pleas," State v. Smullen, 118 N.J. 408, 416, 571 A.2d 1305 (1990), and the potential prejudice to the State and detriment to the public interest occasioned by the sixteen-year delay and destruction of the bulk of the recordings pertaining to the 1994 DWI offense and conviction, with defendant's entitlement "to fairness and protection of basic rights[,]" State v. Taylor, 80 N.J. 353, 365, 403 A.2d 889 (1979). We consider as an element in the equation the interval of time between the purportedly uncounseled DWI and the PCR application, the records retention policy and actual destruction of the sound recording and police reports, the evidence in the record, and the paucity of defendant's certification. This is not a situation where defendant clearly disputed the documentary evidence and categorically denied being represented by counsel at the 1994 municipal court hearing. Nor did she certify to any good faith efforts to obtain information or locate documents in furtherance of her Laurick PCR petition. Rather, defendant appears to take the position that she need only assert the mere claim of an uncounseled first DWI conviction at a time when the bulk of the records are no longer available to obtain step-down relief. We are satisfied, in accordance with Bringhurst, that defendant must establish *991 she is entitled to relaxation of Rule 7:10-2(g)(2)'s time limit and must also allege facts in the petition sufficient to establish a prima facie case for relief under Laurick and its progeny. Defendant has failed to carry her burden. Accordingly, her PCR petition was properly denied by the Law Division. See Isko v. Planning Bd. of Livingston, 51 N.J. 162, 175, 238 A.2d 457 (1968) (holding that an order will be affirmed on appeal, even though the judge gave the wrong reasons for it).
Affirmed. Any stay currently in effect is dissolved.
NOTES
[1] Judge Harris did not participate in oral argument. However, the parties consented to his participation in the decision.
[2] State v. Laurick, 120 N.J. 1, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990) (holding that an uncounseled DWI conviction may not be used to enhance the period of incarceration for a subsequent offense). See also State v. Hrycak, 184 N.J. 351, 354, 877 A.2d 1209 (2005).
[3] Defendant did not account for "unavailable records" by written documentation from the municipal court administrator or custodian of records as required by R. 7:10-2(g)(3); however, the unavailability of these records does not appear to be in dispute.
[4] See Wayne Ord. § 4-11.1C (providing, in pertinent part, that "[a]ny person who shall apply to the Wayne Municipal Court for representation by a Public Defender, where such person is entitled by law to the appointment of counsel, said person shall pay to the Township of Wayne an application fee of $50.").
[5] In Rodriguez v. Rosenblatt, 58 N.J. 281, 295, 277 A.2d 216 (1971), the Court required, as a matter of "simple justice," that any indigent defendant facing "imprisonment ... or other consequence of magnitude" be advised of a right to representation by counsel and to "have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial."
[6] Our records do not reflect a motion or order continuing the stay by this court. Counsel were unaware of the status of the stay.
[7] Defendant did, however, recollect "not [being] represented by private counsel."
[8] New Jersey's DWI laws provide for progressively enhanced penalties for repeat offenders. The maximum jail sentence that can be imposed for a second-time offender is 90 days, N.J.S.A. 39:4-50(a)(2), whereas the minimum jail sentence for a third-time offender is 180 days, N.J.S.A. 39:4-50(a)(3). Thus, a step-down custodial sentence for a third-time offender would be 90 days.
[9] Rule 7:10-2(g) was technically amended effective September 2009 to replace the reference to Rule 3:22-12 with the reference to Rule 7:10-2(b)(2).
[10] We assume the "Y N" next to the word "Approved" on the top portion of the 5A form stands for "yes" or "no." Neither letter is circled.