**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3634-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS GONZALEZ,

    Defendant-Appellant.

_____

Submitted December 17, 2018 – Decided January 8, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2017-026.

Fleming Ruvoldt PLLC, attorneys for appellant (Blair R. Zwillman, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Carlos Gonzalez appeals from a March 26, 2018 Law Division order, which denied his petition for post-conviction relief (PCR) following de novo review of a municipal court order likewise denying his PCR petition. We affirm.

This appeal has its genesis in defendant's first conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. In February 1996, shortly after immigrating to the United States from Cuba and speaking "little or no" English, defendant was arrested for DWI. Thereafter, he appeared in Newark Municipal Court. On February 6, 1996 defendant pled guilty to DWI and was sentenced. Although the cassette recordings of the proceedings were not retained by the municipal court,[1] the original court jacket bears certain shorthand notes presumably written by the municipal judge (plea judge). Among other things, notations after the "1/23/96" entry state, "Spanish Interpreter" and "PD requested adj." Following the "2/6/96" entry, the notations include "Conf." and "1st."

Defendant was convicted of his second DWI offense in February 2009. Eight years later, he was arrested for his third DWI offense. On August 31,

---

[1] See R. 7:8-8(a) (limiting the time period in which municipal courts must retain sound recordings of all proceedings to five years).

A-3634-17T3

2017, defendant pled guilty to that offense in Keyport Municipal Court. Defendant was assessed fines and penalties, and his driver's license was suspended for ten years. Pertinent to this appeal, defendant also was sentenced to a six-month jail term, which has been stayed pending appeal of his PCR matter.

Prior to sentencing for his third DWI conviction, defendant filed a PCR petition in Newark Municipal Court pursuant to State v. Laurick, 120 N.J. 1, 16 (1990), which provides that, absent a waiver of the right to counsel, an uncounseled DWI guilty plea cannot enhance the period of incarceration for future DWI convictions. Specifically, "the actual period of incarceration imposed may not exceed that for any counseled DWI convictions." Ibid. Accordingly, pursuant to Laurick defendant sought treatment as a second-time DWI offender for sentencing purposes, thereby eliminating the six-month custodial term imposed by the Keyport Municipal Court.

In his certification supporting his PCR petition, defendant claimed he "recall[ed] speaking to a public defender during one court appearance but believe[d] he did not have counsel on the disposition date." The municipal judge, who was not the plea judge, rejected defendant's "self-serving"

A-3634-17T3

contention, concluding defendant was represented by the public defender when he pled guilty to his first DWI offense. The municipal judge elaborated:

> Now [the court jacket] does not specifically [note] on February 6th that [defendant] was represented by the public defender, but previous notes do. And if he was not represented by the public defender that day, [the plea judge] would have indicated that the public defender was relieved or that he was representing himself pro se and she would have had him sign a waiver.
>
> But . . . there is no waiver on [the court jacket], and . . . there is no waiver here on the[ original] tickets. There [i]s nothing in the file that says he represented himself. But there [are] clearly notes that say[] he was represented by the public defender, I [am] going to go with what the notes say, because these are the original notes.

Defendant appealed the municipal judge's decision to the Law Division, pursuant to the provisions of Rule 3:23-1. Following oral argument, Judge Ramona A. Santiago issued a comprehensive written opinion on March 26, 2018, denying PCR. In her de novo review of the record, Judge Santiago determined:

> The only support [defendant] provides to support his position is, in his certification in the post-conviction relief motion. [Defendant] certifies that, "he recalls speaking to a public defender during one court appearance, but believes he did not have counsel on the disposition date." [Defendant] provides no additional

4

evidence showing that counsel did not represent him during the 1996 case.

The facts of this case simply provide no support for [defendant]'s contention that he was uncounseled when he entered his plea of guilty for the DWI in 1996. A review of the original file related to the 1996 case show[s] the hand written notes by the [j]udge who heard the 1996 DWI. [Defendant] was sent to the [Office of the] Public Defender and the case was scheduled for trial on January 23, 1996. On the day of trial, [defendant] was represented by the public defender; the discovery was given to the [p]ublic [d]efender; and the [p]ublic [d]efend[er] requested an adjournment. On February 6, 1996, the notation references that a conference was held, "Conf." There is no indication that [defendant] was not represented by counsel at the time of him pleading guilty.

Further, Judge Santiago rejected defendant's claim that "[t]he absence of the Rodriguez[2] notice notations . . . are . . . conclusive proof that [he] did not have counsel." In doing so, the PCR judge recognized Laurick cautioned, but did not require, that hard copies of future DWI judgments of conviction "should contain a notation by the municipal court that the Rodriguez notice has been given and counsel waived." Laurick, 120 N.J. at 12.

---

[2] Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971) (recognizing indigent defendants' rights to a "fair opportunity to have counsel assigned without cost").

Judge Santiago also determined that, even in the absence of a <u>Rodriguez</u> notice, defendant was not entitled to relief. Citing <u>Laurick</u>, the PCR judge reasoned:

> For a defendant to establish that there was an injustice, "there should at least be some showing that the absence of the notice resulted in the unavailability of counsel for one otherwise unable to afford counsel . . . that the absence of notice had a 'real probability' of having played a role in the determination of guilt.[" <u>Laurick</u>, 120 N.J. at 13.] [Defendant] d[id] not provide any proof that the absence of the notice, "had a 'real probability' of play[ing] a role in the determination of guilt." [<u>Ibid.</u> Defendant] provide[d] nothing to show he was not represented by counsel and thus prejudiced by the lack of the notation on the judgment of conviction.

This appeal followed.

On appeal, defendant presents a single argument for our consideration:

> POINT I
>
> SINCE PROOF DOES NOT EXIST THAT [DEFENDANT] WAS REPRESENTED BY COUNSEL, OR WAIVED HIS RIGHT TO COUNSEL, HE IS ENTITLED TO A STEP-DOWN FROM HIS THIRD CONVICTION DWI SENTENCE OF IMPRISONMENT PURSUANT TO <u>STATE v. LAURICK</u>.

On an appeal from the Law Division's final decision, our review "is limited to determining whether there is sufficient credible evidence present in the record

6

to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). We review de novo the Law Division's legal determinations or conclusions based upon the facts. State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010).

The defendant has the burden of establishing entitlement to the relief afforded under Laurick and that relief is warranted only if the petitioner's DWI conviction was, in fact, uncounseled. See State v. Weil, 421 N.J. Super. 121, 130-31, 133 (App. Div. 2011) (finding defendant seeking Laurick relief must "establish a prima facie case for relief" and an entitlement "to relaxation of Rule 7:10-2(g)(2)'s time limit")[3]; State v. Bringhurst, 401 N.J. Super. 421, 434 (App. Div. 2008) (finding the "defendant was obligated to submit sufficient proof in the petition to establish a prima facie case for [Laurick] relief").

Having considered defendant's arguments in light of the record and controlling legal principles, we find no basis to disturb Judge Santiago's well-reasoned decision denying defendant's PCR petition. We therefore affirm,

---

[3] The State does not challenge the timeliness of defendant's PCR petition.

substantially for the reasons expressed by Judge Santiago. Defendant's appellate contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3634-17T3