**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0151-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTIAN D. PEREZ,

    Defendant-Appellant.

_____

Submitted November 19, 2024 – Decided December 13, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No 22-20.

Michael Pastacaldi LLC, attorney for appellant (Michael Pastacaldi, on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Christian Perez appeals from an August 23, 2023 Law Division order denying his petition for post-conviction relief (PCR) filed fourteen years after his guilty plea and conviction. Based upon our careful review of the record and application of prevailing law, we affirm both the procedural and substantive denial of defendant's PCR petition.

I.

We note at the outset that our determination of defendant's PCR appeal is somewhat circumscribed since crucial portions of the record below have been lost to time. The record consists of only the 2008 summons and complaint, the Cliffside Park police reports, and the certified disposition from Cliffside Municipal Court. There was no transcript of the plea or sentencing hearing provided to us, and all discovery has been destroyed.[1] Thus, we glean the following facts from our review of the limited record.

On December 23, 2008, a Cliffside Park Police Sergeant found defendant slumped over in the passenger seat of a running vehicle. When the police officer awoke defendant, he could smell odors of alcohol and marijuana emanating from the vehicle and defendant's eyes were bloodshot, watery, and

---

[1] Defendant asserts that transcripts could not be produced since the tapes or transcription notes had been destroyed due to the age of this matter. The record does not evidence any requests for transcripts of specific proceedings, aside from the PCR proceedings.

A-0151-23

red.  Inside the vehicle, the officer observed a box containing several dozen unopened DVDs with numerous duplicate titles and several packages of new and unused toiletry items.

The officer conducted standard field sobriety tests and patted down defendant.  During the pat down, the officer felt a box cutter in defendant's jacket pocket.  Defendant was arrested for charges related to possession of a weapon for an unlawful purpose, while possessing suspected stolen property.

On April 23, 2009, defendant pleaded guilty to a disorderly persons charge for theft by unlawful taking and the State voluntarily dismissed the other charges.  Defendant did not serve any jail time and paid all fines.

Defendant did not file a direct appeal and, instead, filed a PCR petition on July 27, 2021, fourteen years after his guilty plea, arguing the trial court failed to advise him of the immigration consequences of accepting the plea offer.  Defendant also argued his plea should be vacated due to the "manifest injustice" that resulted from the immigration consequences of the plea; he had demonstrated "excusable neglect" justifying relaxation of the five-year time limitation on filing a PCR petition; and he has a right to an evidentiary hearing.

A-0151-23

Defendant's certification in support of his PCR petition sets forth that he did "not recall many details" of the underlying court proceedings and did "not recall having retained private counsel or applying for the public defender." Defendant contends that he never would have proceeded with the plea had he been told it would subject him to deportation. There is no statement in defendant's certification proclaiming his innocence to the offenses he was charged with or pleaded guilty to.

A municipal court judge rendered an oral decision denying defendant's PCR petition and defendant appealed to the Law Division. After de novo review, the Law Division judge (the PCR court) issued an oral decision affirming the denial of defendant's PCR petition. The PCR court denied the petition as time-barred pursuant to Rule 7:10-2, since it was filed more than five years after defendant pleaded guilty to the charges. The PCR court held defendant's petition was filed eight years out of time and defendant failed to articulate a factual basis for excusable neglect.

The PCR court also reasoned that defendant's allegations were insufficient to warrant relief because defendant failed to allege that he did not receive immigration advice prior to entering a guilty plea but, instead, merely asserted he did not recall receiving immigration advice. The PCR court further

4

found that in 2009, the municipal court was not obligated to advise defendant of the potential immigration consequences of his guilty plea under then-prevailing law.

The PCR court noted defendant had the opportunity to file a direct appeal of his conviction if he believed he was not informed of his immigration rights and he failed to do so. Finally, the PCR court determined that if defendant's motion were construed as an application to withdraw his guilty plea, the Slater[2] factors weighed against granting relief because defendant did not claim innocence and, instead, sought to impose a duty on the municipal court that did not exist at the time of his plea.

Defendant raises the following arguments on appeal:

> POINT I
>
> THE PCR COURT ERRED WHEN IT FAILED TO GRANT [PCR] OR GRANT AN EVIDENTIARY HEARING.
>
> POINT II
>
> THE PCR COURT ERRED WHEN IT TIME-BARRED DEFENDANT'S PETITION FOR [PCR].
>
> POINT III

---

[2] State v. Slater, 198 N.J. 145 (2009).

THE PCR COURT ERRED WHEN IT FAILED TO
VACATE THE PLEA PURSUANT TO SLATER.

II.

Because the PCR court did not hold an evidentiary hearing before denying defendant's petition for relief, we "'conduct[s] a de novo review of both the factual findings and legal conclusions of the PCR court.'" State v. Reevey, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). However, "the PCR court's determination to proceed without an evidentiary hearing" is reviewed under the abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

"Although [Rule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions, [Rule] 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000). Pursuant to Rule 3:22-10(b), it is proper for a PCR court to grant an evidentiary hearing when the defendant has presented a prima facie claim, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. State v. Porter, 216 N.J. 343, 355 (2013). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most

6

favorable to the defendant, will ultimately succeed on the merits.'" Ibid. (quoting R. 3:22-10(b)).

On our review of a Law Division order following its de novo review of an appeal from a municipal court, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001). Where the Law Division decides a PCR petition without an evidentiary hearing, we engage in a de novo review of the Law Division's factual findings and legal conclusions. See Harris, 181 N.J. at 419 (finding where no evidentiary hearing is held, an appellate court conducts "a de novo review of both the factual findings and legal conclusions of the PCR court"); see also State v. Zeikel, 423 N.J. Super. 34, 40-41 (App. Div. 2011) (explaining an appellate court's "standard of review is plenary" where the trial court "did not take any testimony but relied solely on the same documentary record that is before [the appellate court] on appeal").

When reviewing a trial court's denial of a motion to withdraw a guilty plea, "[a] trial judge's finding that a plea was voluntarily and knowingly entered is entitled to appellate deference so long as that determination is supported by sufficient credible evidence in the record." State v. Lipa, 219 N.J. 323, 332 (2014). We will reverse a court's decision denying a

"defendant's request to withdraw his [or her] guilty plea . . . only if there was an abuse of discretion which renders the [trial] court's decision clearly erroneous."  Ibid. (quoting State v. Simon, 161 N.J. 416, 444 (1999)).

The deadline for filing a PCR petition in municipal court is governed by Rule 7:10-2(b)(2), which provides

> A [municipal PCR] petition . . . shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect.

To establish "excusable neglect," a defendant must demonstrate more than simply "a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

In assessing whether a defendant has demonstrated excusable neglect, a court must weigh "'the extent of the delay,'" "the purposes advanced by the five-year rule," "the nature of defendant's claim[,] and the potential harm presumed or realized" by defendant, State v. Murray, 162 N.J. 240, 251 (2000) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)), as well as the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits," Norman, 405 N.J. Super. at 159 (quoting State v. Afanador,

8

151 N.J. 41, 52 (1997)).  The burden to justify filing "a petition after the five-year period will increase with the extent of the delay" unless there are "compelling, extenuating circumstances."  Murray, 162 N.J. at 251.  "Ignorance of the law and rules of court does not qualify as excusable neglect," State v. Merola, 365 N.J. Super. 203, 218 (Law. Div. 2002) (citing Murray, 162 N.J. at 246); see also State v. Brown, 455 N.J. Super. 460, 471 (App. Div. 2018) (explaining a defendant's decision "to remain intentionally ignorant of . . . legal consequences" does not support a finding of excusable neglect).

Measured against these principles, defendant's PCR petition—filed fourteen years after his conviction—does not support a finding of excusable neglect.  It is undisputed that defendant's petition for PCR relief was untimely.  Defendant pleaded guilty to the theft charge on April 23, 2009, and therefore, was required to file his PCR petition within five years, by April 23, 2014.  Defendant filed his PCR petition fourteen years after entering his guilty plea, well outside the procedural deadline.  Defendant attempts to justify this delay by alleging ignorance of the immigration consequences of his plea.  However, as set forth above, prevailing case law has long held that ignorance of the law is not grounds for excusable neglect.  State v. Dugan, 289 N.J. Super. 15, 22

9

(App. Div. 1996) (finding that misunderstanding the meaning of <u>Rule</u> 3:22-12 does not constitute excusable neglect).

Defendant failed to assert any explanation to establish excusable neglect under <u>Rule</u> 7:10-2(b)(2).  Defendant proffers a bald assertion that he "does not remember" being informed of the immigration consequences of his guilty plea, but makes no colorable claim of innocence, fails to set forth the steps he took to address his 2009 conviction, or support his claim with any excusable neglect recognized by our case law.  "[M]ore than simply . . . a plausible explanation" is required, and defendant has failed to establish "'compelling, extenuating circumstances,'" as determined by the PCR court.  <u>See</u> <u>Norman</u>, 405 N.J. Super. at 159; <u>Murray</u>, 162 N.J. at 251 (quoting <u>Mitchell</u>, 126 N.J. at 580).

Even considering defendant's excusable neglect argument, there is still an insufficient basis to relax the time bar because of the severe prejudice to the State.  <u>See</u> <u>Brewster</u>, 429 N.J. Super. at 400 ("If excusable neglect for late filing of a petition is equated with incorrect or incomplete advice, long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run.").  Defendant pleaded guilty fourteen years ago, and memories of witnesses, if the individuals can even be located, have likely

A-0151-23

faded or have completely dissipated. The records of defendant's 2009 case are no longer available as they have been destroyed due to the municipal court's document retention policies.[3] State v. Weil, 421 N.J. Super. 121, 131-32 (App. Div. 2011) (finding no excusable neglect where records of DWI conviction were destroyed). The goal of Rule 7:10-2(b)(2) is to ensure the finality of this matter and resolve any uncertainty with regard to a potential re-trial. We conclude defendant has not met his burden to show excusable neglect under our court rules.

### III.

Even if defendant's claims were not time-barred, we discern no error in the PCR court's order. After a review of the record and prevailing law, we conclude the law in effect at the time of defendant's guilty plea in 2009 did not require the municipal court to advise defendant of the immigration consequences of his plea.

Historically, whether a court must inform a defendant of the consequences of pleading guilty to a charge, depended on whether the consequences were considered "direct or penal," rather than "collateral." State v. Bellamy, 178 N.J. 127, 137 (2003) (quoting State v. Heitzman, 209 N.J.

---

[3] Pursuant to Rule 7:8-8, municipal courts are required to retain a sound recording and stenographic record of court proceeding for five years.

Super. 617, 622 (App. Div. 1986)) (internal citations omitted). If the consequence was direct or penal, the court was required to inform the defendant of the consequences before accepting a guilty plea; if the consequence was only collateral, although it may have a detrimental effect upon the defendant, the court was not required to advise the defendant of the consequence. Ibid.

As to defendant's guilty plea, New Jersey courts held that federal deportation consequences attaching to a guilty plea were collateral in nature, not penal or direct. State v. Heitzman, 107 N.J. 603, 604 (1987). Because federal deportation was considered a collateral consequence of a plea, municipal courts were not obligated to inform defendants of the immigration consequence before accepting their guilty plea. Ibid.; see also State v. Garcia, 320 N.J. Super. 332, 337 (App. Div. 1999); State v. Chung, 210 N.J. Super. 427, 433 (App. Div. 1986) ("[w]e are of the opinion that it is not the present responsibility of a New Jersey judge to advise a defendant of federal deportation consequences at the time of the taking of the guilty plea").

We are unconvinced that defendant's reliance on the Court's decision in State v. Nunez-Valdez, 200 N.J. 129 (2009), a decision released three months after defendant entered his guilty plea, can form the predicate for the relief

12

defendant seeks. In <u>Nunez-Valdez</u>, the Court held an attorney provides ineffective assistance of counsel under the New Jersey Constitution in affirmatively misadvising a defendant of the immigration consequences of a criminal conviction. <u>Id.</u> at 139-43. The Court held that counsel's misinformation could form a basis to vacate a guilty plea under the two-prong standard of <u>Strickland/Fritz</u>.[4] <u>Id.</u> at 138-39.

We do not reach the ineffective assistance of counsel question in our analysis because defendant fails to make the claim on appeal. The record shows defendant cannot recall whether he was represented by an attorney when he entered a guilty plea in 2009. On this basis, <u>State v. Chau</u>, 473 N.J. Super. 430 (App. Div. 2022) and <u>State v. Hannah</u>, 248 N.J. 148 (2021), are distinguishable.

The issue before us is solely whether a municipal court was obligated, at the time defendant entered his guilty plea, to inform a defendant of possible deportation consequences before accepting the defendant's guilty plea. We conclude such an argument is foreclosed by <u>Garcia</u> and <u>Chung</u>, which both held that a municipal court is not required to advise a defendant of federal deportation consequences at the time of taking the guilty plea.

---

[4] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 57 (1987).

The Court's holding in Nunez-Valdez is inapplicable because defendant has not asserted an ineffective assistance of counsel claim. Nunez-Valdez was also decided three months after defendant entered his guilty plea. State v. Gaitan, 209 N.J. 339, 371-72 (2012) (finding the requirement that attorneys "advise noncitizen clients of the risk of immigration consequences" is a "new constitutional pronouncement [and] not entitled to retroactive application on collateral review based on federal retroactivity standards"); State v. Antuna, 446 N.J. Super. 595, 600 (App. Div. 2016) (holding if the "[d]efendant's plea was entered prior to the United States Supreme Court's holding that requires counsel must inform her client whether his plea carries a risk of deportation," the defendant is unable to retroactively benefit from the newly established mandate) (internal citations omitted).

Thus, we find no error in the PCR court's order since the municipal court was not required to advise defendant of immigration consequences resulting from a guilty plea under the prevailing law at the time of defendant's plea.

IV.

Not only do we view defendant's application to vacate the plea untimely as it seeks PCR well beyond the proscribed time limits and substantively unmeritorious, but we also conclude the PCR court did not err in ruling that

14

application of the <u>Slater</u> factors did not warrant relief. Pursuant to <u>Rule</u> 7:6-2(b), a guilty plea in municipal court may be withdrawn after sentencing only "to correct a manifest injustice." In evaluating whether a manifest injustice has occurred, courts consider the <u>Slater</u> factors: "(1) whether the defendant asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal could result in unfair prejudice to the State or unfair advantage to the accused." <u>Slater</u>, 198 N.J. at 157-58. "No single <u>Slater</u> factor is dispositive; 'if one is missing, that does not automatically disqualify or dictate relief.'" <u>State v. McDonald</u>, 211 N.J. 4, 16-17 (2012) (quoting <u>Slater</u>, 198 N.J. at 162).

With respect to the first factor, "[a] bare assertion of innocence is insufficient to justify withdrawal of a plea." <u>Slater</u>, 198 N.J. at 158. Instead, "[d]efendants must present specific, credible facts and, where possible, point to facts in the record that buttress their claim." <u>Ibid.</u> According to <u>Slater</u>, the second factor, the nature and strength of defendant's reasons for withdrawal, "focuses on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." <u>Id.</u> at 159. Although we are not to approach

15

the reasons for withdrawal with "skepticism," we "must act with 'great care and realism' because defendants often have little to lose in challenging a guilty plea." Id. at 160 (quoting State v. Taylor, 80 N.J. 353, 365 (1979)).

With respect to the third Slater factor, whether the plea was entered as the result of a plea bargain, the Court noted that "defendants have a heavier burden in seeking to withdraw pleas entered as part of a plea bargain." Ibid. However, the Court did "not suggest that this factor be given great weight in the balancing process." Id. at 161. As to the fourth factor, unfair prejudice to the State or unfair advantage to the accused, the Court stated there was "no fixed formula to analyze the degree of unfair prejudice or advantage that should override withdrawal of a plea" and that "courts must examine this factor by looking closely at the particulars of each case." Ibid. "The critical inquiry . . . is whether the passage of time has hampered the State's ability to present important evidence." Ibid. The State need not "show prejudice if a defendant fails to offer proof of other factors in support of the withdrawal of a plea." Id. at 162.

Here, the Slater factors weigh against defendant's application to withdraw his guilty plea. The PCR court properly concluded under the first Slater factor that defendant did not make a colorable claim of innocence.

Defendant included no facts in his certification in support of PCR alleging he did not commit the offense to which he pleaded guilty, such that we can conclude there is any colorable claim of defendant's innocence.

The second Slater factor does not weigh in defendant's favor as there is no merit to the claim that the municipal court was obligated, at the time defendant entered his guilty plea, to inform defendant of possible deportation consequences before accepting his plea. In analyzing the third Slater factor, defendant received the benefit of his plea bargain because defendant's offenses were downgraded resulting in merely paying a fine rather than serving jail time. Finally, the fourth Slater factor weighs against defendant because the passage of time hampers the State's ability to prosecute this case. Defendant himself concedes that he recalls little of the court proceedings from when he pleaded guilty and the records from the plea hearing have since been destroyed.

In light of the heavy burden defendant bears to withdraw his guilty plea under Slater, we find no error in the PCR court's analysis of the Slater factors and denial of defendant's application to withdraw his guilty plea fourteen years later, based upon the failure to establish relief is necessary "to correct a manifest injustice." Id. at 156.

17

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0151-23