947 A.2d 657 (2008)
400 N.J. Super. 350
STATE of New Jersey, Plaintiff-Respondent,
v.
William SCHADEWALD, Defendant-Appellant.
Docket No. A-1191-06T5
Superior Court of New Jersey, Appellate Division.
Argued September 19, 2007.
Decided October 10, 2007.
*658 Edward J. Kologi, Linden, argued the cause for appellant.
Nicole De Palma, Assistant Prosecutor, argued the cause for respondent (Edward J. De Fazio, Hudson County Prosecutor, attorney; Ms. De Palma, on the brief).
Before Judges WEFING, PARKER and LYONS.
The opinion of the court was delivered by
PARKER, J.A.D.
Defendant William Schadewald appeals from his third conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, after de novo review. This appeal focuses on defendant's sentence to 180 days in the Hudson County Jail. He may serve up to ninety days in an inpatient rehabilitation facility pursuant to N.J.S.A. 39:4-50(a)(3). The sentence was stayed pending appeal.
Defendant pled guilty in municipal court, but argued that he was entitled to a "step-down" in sentencing from a third offense to a second in accordance with State v. Laurick, 120 N.J. 1, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990). During his plea colloquy, defendant acknowledged that he was previously convicted of DWI in 1989 and again in 2003. He argued, however, that in 1989, he pled guilty without the benefit of counsel. He presented the municipal judge with a copy of the 1989 summons which had a notation that stated:
Explained rights. He talked to his attorney three weeks ago. A 27 year man, attended college. Elected pro se on attorney advice.
The municipal judge denied defendant's application for a step-down in sentencing because the note on the summons indicated that defendant had spoken with counsel before appearing pro se. The municipal judge stayed the custodial sentence pending appeal to the Superior Court, Law Division.
The Law Division heard the matter de novo. State v. Kashi, 360 N.J.Super. 538, 545-46, 823 A.2d 883 (App.Div.2003). Defendant again argued that pursuant to Laurick, he was entitled to a sentence step-down. The Law Division reviewed the notations on the 1989 summons and stated:
It is the defendant's burden . . . to show that the outcome could have been different if in fact this case had gone to trial. I believe that the standard would then require the defendant to get police reports and show that in effect there could have been a legitimate challenge to that original conviction.
So I believe that the courts have placed a very heavy burden on the defendant to overcome that conviction. And therefore I do not find that that burden has been met.
The court then concluded:
I think on the first aspect the mere talking to an attorney, knowing you had the right to an attorney, knowing you had the right to be represented by an attorney and challenge the conviction, that . . . alone makes it a counseled conviction.
In this appeal, defendant argues:
POINT ONE
DEFENDANT'S FIRST CONVICTION WAS "UNCOUNSELED" WITHIN THE INTENDMENT OF STATE V. LAURICK AND ITS PROGENY
POINT TWO

*659 THE LAW DIVISION ERRED IN HOLDING THAT DEFENDANT SHOULD HAVE RAISED THE ISSUE IN WESTFIELD COURT AS OPPOSED TO IN THE INSTANT MATTER
We note initially that this is a direct appeal from defendant's conviction, rather than from a petition for post-conviction relief (PCR) pursuant to R. 7:10-2.
In Laurick, our Supreme Court addressed the issue of enhanced penalties based upon prior uncounseled DWI convictions. 120 N.J. at 1-2, 575 A.2d 1340. The Court held
that with the exception that a prior DWI conviction that was uncounseled in violation of court policy may not be used to increase a defendant's loss of liberty, there is no constitutional impediment to the use of the prior uncounseled DWI conviction to establish repeat-offender status under DWI laws. With respect to collateral consequences of an uncounseled conviction other than a loss of liberty, any relief to be afforded should follow our usual principles for affording post-conviction relief from criminal judgments, namely, a showing of a denial of fundamental justice or other miscarriage of justice.
[120 N.J. at 4-5, 575 A.2d 1340.]
The right to counsel attaches in misdemeanor cases "only if the conviction results in imprisonment." Id. at 7, 575 A.2d 1340 (citing Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)). In Laurick, the Court established the principle that
[a] defendant in a second or subsequent DWI proceeding should have the right to establish that [notice of right to counsel] was not given in his or her earlier case, and that if defendant is indigent, the DWI conviction was a product of an absence of notice of the right to assignment of counsel and non-assignment of such counsel without waiver. A non-indigent defendant should have the right to establish such lack of notice as well as the absence of knowledge of the right to be represented by counsel of one's choosing and to prove that the absence of such counsel had an impact on the guilt or innocence of the accused or otherwise "wrought a miscarriage of justice for the individual defendant."
[Id. at 11, 575 A.2d 1340 (quoting State v. Cerbo, 78 N.J. 595, 607, 397 A.2d 671 (1979)).]
Defendants should present their step-down applications "in the court of original jurisdiction [for the uncounseled conviction], which will be in the best position to evaluate whether there has been any denial of fundamental justice." Id. at 17, 575 A.2d 1340. If defendants can establish that they were not advised of the right to counsel, they must further show a prejudicial effect on the outcome of the proceedings. Laurick, supra, 120 N.J. at 12, 575 A.2d 1340. "[T]o establish injustice there should at least be some showing that the absence of the notice [of right to counsel] . . . had a `real probability' of having played a role in the determination of guilt." Id. at 13, 575 A.2d 1340 (quoting State v. Reynolds, 43 N.J. 597, 602, 206 A.2d 750 (1965)).
In State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005), the Court reaffirmed its decision in Laurick and established the test for a Laurick challenge.
A defendant is faced with a three-step undertaking in proving that a prior uncounseled DWI conviction should not *660 serve to enhance the jail component of a sentence imposed on a subsequent DWI conviction. As a threshold matter, the defendant has the burden of proving in a second or subsequent DWI proceeding that he or she did not receive notice of the right to counsel in the prior case. He or she must then meet the two-tiered Laurick burden. 120 N.J. at 11, 575 A.2d 1340. In that vein, if a defendant proves that notice of the right to counsel was not provided, the inquiry is then bifurcated into whether the defendant was indigent or not indigent. "[I]f [the] defendant [was] indigent, [the defendant must prove that] the DWI conviction was a product of an absence of notice of the right to assignment of counsel and non-assignment of such counsel without waiver." Ibid. On the other hand, if the defendant was not indigent at the time of the prior uncounseled conviction,
[the] defendant should have the right to establish such lack of notice as well as the absence of knowledge of the right to be represented by counsel of one's choosing and to prove that the absence of such counsel had an impact on the guilt or innocence of the accused or otherwise `wrought a miscarriage of justice for the individual defendant.'
[Hrycak, supra, 184 N.J. at 363, 877 A.2d 1209 (quoting Cerbo, supra, 78 N.J. at 607, 397 A.2d 671).]
In other words, to establish entitlement to the step-down sentence for a second or subsequent DWI:
1. Indigent defendants must establish that they were not given notice of their right to counsel and advised that counsel would be provided for them if they could not afford one.
2. Non-indigent defendants must establish that they were not advised of their right to counsel and that they were unaware of such right at the time they entered the uncounseled pleas.
3. Defendants who establish that they were not adequately noticed of their right to counsel must then demonstrate that if they had been represented by counsel, they had a defense to the DWI charge and the outcome would, in all likelihood, have been different. Police reports, witness statements, insurance investigations and the like may be used to submit proofs that the outcome would have been different if the defendant had the benefit of counsel before pleading guilty.
Here, defendant has presented the 1989 summons with the notation indicating that he had spoken with an attorney who advised him to appear pro se and plead guilty. From that cryptic note, we are unable to determine whether defendant discussed any possible defenses with the attorney, whether defendant could have afforded an attorney of his own, and whether he was advised that an attorney would be appointed for him if he could not afford an attorney of his choice. Since we have not been provided with the record of the uncounseled plea in 1989, we are unable to determine what advice was given to defendant by the municipal court or the attorney he contacted. Moreover, the record before us does not indicate whether defendant had a defense to the 1989 charge. In short, based upon the record before us, we are unable to make a determination of whether defendant is entitled to a sentence step-down as a result of the uncounseled conviction in 1989. Accordingly, we remand for a hearing in accordance with the principles established in Laurick and Hrycak.
*661 We note that R. 7:10-2 was amended, effective September 1, 2007, to set forth the specific procedures for making a Laurick application in municipal court. Pressler, Current N.J. Court Rules, comment 2 on R. 7:10-2 (2008). Although the rule was not in effect at the time of defendant's sentencing, the procedure provides guidance for future applications.
Rule 7:10-2(f) provides:
(f) Procedure.
(1) The municipal court administrator shall make an entry of the filing of the petition in the proceedings in which the conviction took place, and if it is filed pro se, shall forthwith transmit a copy to the municipal prosecutor. An attorney filing the petition shall serve a copy on the municipal prosecutor before filing.
(2) The petition shall be verified by defendant and shall set forth with specificity the facts upon which the claim for relief is based, the legal grounds of the complaint asserted and the particular relief sought. The petition shall include the following information:
(A) the date, docket number and contents of the complaint upon which the conviction is based and the municipality where filed;
(B) the sentence or judgment complained of, the date it was imposed or entered, and the name of the municipal court judge then presiding;
(C) any appellate proceedings brought from the conviction, with copies of the appellate opinions attached;
(D) any prior post-conviction relief proceedings relating to the same conviction, including the date and nature of the claim and the date and nature of disposition, and whether an appeal was taken from those proceedings and, if so, the judgment on appeal;
(E) the name of counsel, if any, representing defendant in any prior proceeding relating to the conviction, and whether counsel was retained or assigned; and
(F) whether and where defendant is presently confined. A separate memorandum of law may be submitted.
(G) In addition, the moving papers in support of such an application shall include, if available, records related to the underlying conviction, including, but not limited to, copies of all complaints, applications for assignment of counsel, waiver forms and transcripts of the defendant's first appearance, entry of guilty plea and all other municipal court proceedings related to the conviction sought to be challenged. The petitioner shall account for any unavailable records by way of written documentation from the municipal court administrator or the custodian of records, as the case may be.
(3) Amendments of the petitions shall be liberally allowed. Assigned counsel may, as a matter of course, serve and file an amended petition within 25 days after assignment. Within 30 days after service of a copy of the petition or amended petition, the municipal prosecutor shall serve and file an answer to the petition or move on ten days' notice for dismissal. If the motion for dismissal is denied, the government's answer shall be filed within fifteen days after entry of the order denying the dismissal.
(4) A defendant in custody shall be present in court if oral testimony is adduced on a material issue of fact within the defendant's personal knowledge. A defendant in custody may otherwise be present in court only in the judge's discretion.

*662 (5) In making a final determination on a petition, either on motion for dismissal or after hearing, the court shall state separately its findings of fact and conclusions of law and shall enter judgment or sentence in the conviction proceedings and any appropriate provisions as to rearraignment, retrial, custody, bail, discharge, correction of sentence or as may otherwise be required.
Rule 7:10-2(g) sets forth the criteria for relief from enhanced custodial terms based on prior convictions:
(g) Petition to Obtain Relief from Enhanced Custodial Term Based on a Prior Conviction.
(1) Venue. A post-conviction petition to obtain relief from an enhanced custodial term based on a prior conviction shall be brought in the court where the prior conviction was entered.
(2) Time Limitations. The time limitations for filing petitions for post-conviction relief under this section shall be the same as those set forth in R. 3:22-12 [which provides a five-year limitation period for PCR petitions in criminal cases].
(3) Procedure. A petition for post-conviction relief sought under this section shall be in writing and shall conform to the requirements of R. 7:10-2(f). In addition, the moving papers in support of such application shall include, if available, records related to the underlying conviction, including, but not limited to, copies of all complaints, applications for assignment of counsel, waiver forms and transcripts of the defendant's first appearance, entry of a guilty plea and all other municipal court proceedings related to the conviction sought to be challenged. The petitioner shall account for any unavailable records by way of written documentation from the municipal court administrator or the custodian of records, as the case may be.
(4) Appeal. Appeals from a denial of post-conviction relief from the effect of a prior conviction shall be combined with any appeal from proceedings involving the repeat offense. Appeals by the State may be taken under R. 3:23-2(a).
The amended rule clearly sets forth the procedures for making PCR applications in municipal courts to obtain relief from enhanced penalties for uncounseled subsequent DWI offenses. Although the rule was effective on September 1, 2007, we find those procedures appropriate for cases that arose before September 1, 2007.
The matter is, therefore, remanded for defendant to make his PCR application in the court where he entered his uncounseled 1989 plea. That application shall be made within thirty days of the date of this opinion. If defendant prevails on the PCR application, within ten days of that decision, he shall return to the court in which he pled to this offense for resentencing in accordance with Laurick. If defendant's PCR application is denied, the stay of his custodial sentence shall be dissolved and he shall surrender to the county jail within ten days of the denial of PCR.
We do not retain jurisdiction.